IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TINA K. THOMAS, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PAUL M. COADY, M.D., et al. | : | NO.   08-339 |

# MEMORANDUM AND ORDER

On September 4, 2009, Defendant Main Line Hospitals, Inc. d/b/a The Lankenau Hospital filed a motion for partial summary judgment, seeking dismissal of all corporate liability claims against it.  According to Defendant Main Line Hospitals, Plaintiffs' complaint "suggests that Plaintiffs are raising a direct claim for corporate liability/corporate negligence against Lankenau Hospital."  *Defendant Main Line Hospitals' Motion for Partial Summary Judgment* [Docket Entry No. 45-3]: Memorandum of Law in Support at p. 2.  Defendant Main Line Hospitals represents:

> "Counsel for Plaintiff has agreed to sign a stipulation to dismiss certain paragraphs of Plaintiffs' Amended Complaint that could be interpreted to make a claim for corporate negligence against Lankenau Hospital; however, Plaintiffs' Counsel refuses to sign a stipulation that explicitly states that all claims of corporate negligence against Lankenau Hospital are dismissed."

*Id.* at p.2 n.1 [emphasis in original].  Defendant notes that "Plaintiffs' remaining claims against Main Line Hospitals, Inc. d/b/a The Lankenau Hospital are vicarious liability claims, based on the actions of Defendant Ajay K. Joshi, M.D. and/or Nurse Richardson."  *Id.* at p. 9 n.3.

Plaintiffs have responded to the partial motion for summary judgment, asserting that it is moot because:

> "Plaintiffs' Counsel signed a Stipulation to withdraw with prejudice the allegations set forth in paragraphs 83 (z), 83 (aa), 93 (z) and 93 (aa) of Plaintiffs' Amended Complaint. These are the only allegations set forth in Plaintiffs' complaint which could possibly form the basis for a claim under *Thompson v. Nason Hospital*, 527 Pa. 330, 591 A.2d 703 (1993) and its progeny."

*Plaintiffs' Response to Defendant's Motion for Summary Judgment to Dismiss Claims of Corporate Liability* [Docket Entry No. 47] at p. 1. According to Plaintiffs, they "clearly confirmed to Defendant's Counsel that they are not asserting any claims against Defendant arising under the 'corporate negligence' or 'corporate liability' theory against hospitals first established by *Thompson v. Nason Hospital*, 527 Pa. 330, 591 A.2d 703 (1993) and its progeny; however, the Defendant is seeking the dismissal of 'all claims of corporate liability' without specifically limiting the relief to those specific claims allowed by PA law against hospitals based on 'corporate negligence' as established by *Thompson v. Nason*. Plaintiffs are entitled to assert any and all other claims of negligence against the Defendant, based on the remaining allegations of the Complaint, as supported by the expert opinions of Plaintiffs' expert witnesses." *Id.* at p.2.

By letter dated October 5, 2009, Counsel for Defendant Main Line Hospitals wrote to me to "correct a factual misstatement" in Plaintiffs' response to its motion for partial summary judgment. Defendant represents that "[t]here is no Stipulation signed by both parties and filed with the Court withdrawing Plaintiffs' corporate liability claims against Lankenau Hospital. Plaintiffs' corporate liability claims are not withdrawn. As a result, Defendant's Motion is not moot."

Whether or not a Stipulation withdrawing the corporate liability claims against Defendant Main Line Hospitals has been executed, Plaintiffs have made the representation that they are not asserting any claims against this Defendant arising under the Pennsylvania "corporate negligence" or "corporate liability" theories. Therefore, I will grant Defendant's motion for partial summary judgment.

**O R D E R**

AND NOW, this 3rd day of November, 2009, consistent with the above discussion, it is hereby **ORDERED** that:

The motion for partial summary judgment filed by Defendant Main Line Hospitals, Inc. d/b/a The Lankenau Hospital is **GRANTED.** All direct claims for corporate liability/corporate negligence against Lankenau Hospital are **DISMISSED WITH PREJUDICE.**

        BY THE COURT:

        S/M. FAITH ANGELL
        M. FAITH ANGELL
        UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
### Robert N.C. Nix Federal Building
### 900 Market Street, Suite 211
### Philadelphia, PA    19107

**Chambers of**
**M. FAITH ANGELL**                                            P:   (215) 597-6079
 United States Magistrate Judge                                F:   (215) 580-2165

*FAX / MAIL COVER SHEET*

**CASE NO.**   08-339

**TODAY'S DATE**: November 3, 2009                             **LAW CLERK'S INITIALS**: JJK

**VIA FAX:**

| **NAME** | **FAX NUMBER** |
|---|---|
| 1.   Bradley T. Beckman, Esq. | 215-569-8769 |
| 2.   James P. Kilcoyne, Esq./Jacqueline Drygas, Esq. | 610-825-3222 |
| 3.   Peter J. Hoffman, Esq./John A. Filoreto, Esq./ Eileen Lampe, Esq. | 215-851-8383 |